UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN KEITH ALFORD,  Case No. 1:12-cv-862
    Petitioner,

                                   Beckwith, J.
vs.                        Bowman, M.J.

WARDEN, LEBANON      **ORDER**
CORRECTIONAL INSTITUTION,
    Respondent.

On July 20, 2012, the undersigned issued a Report and Recommendation in this habeas corpus action filed pursuant to 28 U.S.C. § 2241, recommending that the respondent's motion to dismiss be granted to the extent that the successive claim alleged in Ground One should be transferred to the United States Court of Appeals for the Sixth Circuit and petitioner's remaining claims in Grounds Two and Three should be dismissed with prejudice "as plainly lacking in merit." (Doc. 12, p. 20).  Petitioner filed objections to the Report and Recommendation (*see* Doc. 15), and on September 24, 2012, the District Court remanded the matter to the undersigned "for further review and issuance of a Supplemental Report and Recommendation" in order to address an argument raised by petitioner in his objections, which neither respondent nor the undersigned had an opportunity to consider.  (Doc. 16).  Specifically, the District Court pointed out that in his objections, petitioner contended that in a recent parole eligibility hearing held on July 20, 2012, the Ohio Parole Board violated the Constitution's Ex Post Facto Clause by applying amended parole guidelines enacted in 1998, years after he was convicted and sentenced, to extend his incarceration for an additional 36 months.  (*See* Doc. 16, p. 1).

The recent parole hearing occurred on the same date that the Report and Recommendation was filed in this case.  Therefore, respondent has not had an opportunity to address petitioner's new argument.  Moreover, more information pertaining to the recent parole hearing must be provided before the Court can properly assess the new argument that petitioner has raised in his objections.

Accordingly, it is hereby **ORDERED** that respondent shall file a Supplemental Return of Writ within thirty (30) days of the date of filing of this Order addressing petitioner's claim that the Ohio Parole Board improperly applied Ohio's 1998 parole guidelines to him at a the recent parole hearing held in July 2012.  The Supplemental Return of Writ shall include as exhibits the entire record from the state agency pertaining to that proceeding.  It is **FURTHER ORDERED** that petitioner shall file any reply to respondent's Supplemental Return of Writ within twenty (20) days after the Supplemental Return of Writ is filed with the Court.

**IT IS SO ORDERED.**

 _s/Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge